UNITED STATES DISTRICT
COURT SOUTHERN
DISTRICT OF FLORIDA
BROWARD DIVISION

ALLISON KARNI,

     Plaintiff

                                       CASE NO.   0:22-cv-60713

v.

B'NAI SEPHARDIM,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, ALLISON KARNI ("Plaintiff") by and through undersigned counsel, files this Complaint against Defendant, B'NAI SEPHARDIM  ("synagogue" or "Defendant"), and states as follows:

## NATURE OF THE SUIT

     1.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

## PARTIES

     2.     Plaintiff was a non-exempt clerical employee who performed Executive Director activities for Defendant in Broward County, Florida.

     3.     Defendant, a Florida Non- Profit Corporation, is a Sephardic Synagogue located within Broward County, Florida.

## JURISDICTION

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

6.      Plaintiff was engaged in "ordinary commercial activities" while working for Defendant.

7.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8.      At all times during the last three (3) years, Defendant was an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, Defendant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.      Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

10.      At all times material hereto, Plaintiff was working on goods or materials that had been moved in or produced for commerce, such as signing insurance policies, submitting data to the bank, submitting data to the accountant for the purpose of federal taxes, auditing federal security grants, organizing travel arrangements, construction management and purchasing, purchase of equipment for synagogue, signing insurance claims, ordering materials and supplies

via Amazon, receiving and sending correspondence via United States Postal Service and email.

11.     At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that she regularly completed financial transactions with Defendant's customers' credit card companies, banks, and third-party payment processing services outside the State of Florida.

## FACTUAL ALLEGATIONS

12.     Plaintiff worked for Defendant during the relevant limitations period and performed bookkeeping and accounts payable activities.

13.     During all times relevant, Defendant was required to pay employees like Plaintiff overtime wages for all hours worked over forty (40) per week.

14.     Plaintiff regularly worked in excess of forty (40) hours per workweek but was not paid time and one half for same.

15.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

16.     Plaintiff reincorporates and re-alleges paragraphs 1 through 15 as though set forth fully herein and further alleges as follows:

17.     Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

18.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but as not paid proper time and one half compensation for same.

19.     Plaintiff was always expected to perform work outside of regular business hours,

20.     Defendant had no measures in place to track Plaintiff's hours.

21.     Defendant knew Plaintiff was dependent on her job in relation to her children's

educations and used it as a measure to intimidate Plaintiff to not ask for her proper pay.

22.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23.     As a result of Defendant's willful violation of the F LSA, Plaintiff is entitled to liquidated damages.

24.     Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

25.     Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

26.     Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

27.     Prior to the filing of this lawsuit, Plaintiff's counsel tendered a demand letter in an effort to resolve this matter.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a.      Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.      Award Plaintiff overtime compensation in the amount due to her for all hours worked in excess of forty (40) hours per work week;

c.      Award Plaintiff liquidated damages in an amount equal to the overtime award:

     d.      Award Plaintiff reasonable attorney's fees and costs and expenses of the

            litigation pursuant to 29 U.S.C. §216(b);

     e.      Award Plaintiff pre-judgment interest; and ordering any other further relief the

            Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 11th day of April 2022.

Respectfully Submitted,

Michael A. Hoffman, Esq., P.A.
4000 Hollywood Blvd, Ste 725-South
Hollywood, FL 33021
Telephone: (954) 665-5290
Facsimile: (954) 944-1932
Email: Michael@MAHlawyer.com

By:_____
Michael A. Hoffman, Esq.
Florida Bar No.: 089549

Attorney for Plaintiff